a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FREDDIE DAVIS #A024-724-989, Petitioner | CIVIL DOCKET NO. 1:24-CV-01051 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ALEJANDRO MAYORKAS ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Freddie Davis ("Davis"). Davis is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He challenges the legality of his continued detention.

To determine whether Davis may be entitled to relief, he must AMEND the Petition.

I.    Background

Davis is a native and citizen of Jamaica. ECF No. 5 at 1. He has used multiple aliases and birth dates over the years.[1] *See Davis,* 2019 WL 2290654, at *1. He

---

[1] Some of Davis's aliases include: Ricardo Noel Jones, Joseph Gordon, Patrick Constantine Melburn, Danny Keith Brooks, Dave Davis, Frank Victor Duglass, Frederick Davis, and Ricky Jones. *See Davis v. Rhoden*, 19-CV0-20082, 2019 WL 2290654, at *1 (S.D. Fla. Feb. 26, 2019), *report and recommendation adopted*, 19-20082-CIV, 2019 WL 2289624 (S.D. Fla. May 29, 2019).

1

previously filed a habeas petition in the United States District Court for the Southern District of Florida, which was denied. *Id.*

The Florida court summarized Davis's history with ICE, beginning in 1985 when he arrived in Miami, Florida, claiming to be Freddie Davis, Jr., from Tallahassee. It was determined that Davis's identification was fraudulent, but he was permitted to withdraw his application for admission and depart voluntarily. *Davis,* 2019 WL 2290654, at *1. The Consulate General of Jamaica issued an emergency travel document, and Davis departed. *Id.*

Ten days later, an individual at Palm Beach International Airport presented himself as Joseph Gordon ("Gordon"). *Id.* Immigration officers determined that this individual had fraudulently replaced the photograph on a Bahamian passport to seek entry into the United States as a tourist. An alien number was issued, and Davis, assuming the identity of Gordon, was removed to Jamaica. *Id.* at *2.

Three years later, immigration officers encountered Davis, who claimed to be Gordon, a citizen of St. Thomas, U.S. Virgin Islands. This individual was arrested in Dallas, Texas for drug offenses. *Id.* At some point, he also claimed to be from the Bahamas. Davis, posing as Gordon, admitted under oath that he used other names: Freddie Lee Davis, Frederick L. Davis, Frank Victor Duglass, Dave Davis, and Danny Keith Brooks. *Id.* The Government determined that the individual before it was the same Gordon who had presented the altered Bahamian passport in 1985. *Id.* He was once again ordered removed to Jamaica.

Prior to that removal order, Davis, under his alias Gordon, was indicted in the United States District Court for the Northern District of Texas for entering the United States after having been deported and for falsely representing himself to be a citizen of the United States to immigration officials. *Id.* Case records noted that Davis/Gordon had also used the names Patrick Melburn and Freddie Lee Davis. Davis/Gordon pleaded guilty and was sentenced to a 15-month term of imprisonment. *Id.* He was not transferred to immigration custody upon completion of his sentence, and he was not removed. *Id.*

In 1995, in Broward County Florida, an individual using the name Ricardo Jones ("Jones") was convicted of attempted murder of a police officer, burglary (assault), indecent assault, aggravated battery, aggravated assault, and wearing bullet-proof gear. *Id.* at *3. Then, in 2010, Jones was convicted in Miami-Dade County, Florida for violating the sexual offender registration requirements. The judgment reflects that this individual had the following aliases: Freddie Lee Davis, Ricardo Noel Jones, Richard M. Jones. *Id.*

Efforts to remove Davis began in 2018, when ICE lodged a detainer with the State of Florida. Davis's listed aliases included Jones and Gordon. *Id.* Davis refused to give a statement regarding his citizenship, and the Government could find no record of Davis's birth. *Id.*

Davis was tentatively scheduled for removal to Jamaica on August 30, 2018. However, Jamaican officials requested time to verify his biometrics and identity due to the numerous assumed identities. The scheduled removal was cancelled. *Id.*

Biometrics were forwarded to the Jamaican Consulate, and Davis was rescheduled for removal on September 27, 2018. *Id.* However, because Jamaican officials had not yet confirmed the results of the biometrics verification, Davis was taken off the manifest. On October 23, 2018, Jamaican officials advised that the verification of the biometrics was still pending.

On October 23, 2018, Davis was notified that his custody status would be reviewed. He was also served with a warning for failing to cooperate with removal efforts. The Government determined that Davis would remain in detention because he failed to show that he did not pose a danger to the community or was a significant flight risk if he were to be released. *Id.* at *4.

Davis was rescheduled for removal on January 31, 2019. However, Davis refused to participate in his scheduled interview with the Jamaican Consular Officer. *Id.*

On February 8, 2019, Davis was served with written notification that he had failed to comply with removal efforts, and that the removal period would be suspended pending his cooperation with ICE and the Government of Jamaica in verifying his identity. *Id.*

Davis's habeas petition was denied because of his persistent efforts to delay his removal. *Id.* at *6.

It is unknown what transpired between the dismissal of his prior petition and 2023. However, On July 26, 2023, Davis was given 30 days within which to comply with his obligation to assist with his removal. ECF No. 5-1 at 1. As of September 8,

4

2023, Davis had failed to provide information necessary to obtain a travel document. The Government extended Davis's removal period due to his actions in preventing his removal. *Id.*

## II. Law and Analysis

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). According to the Supreme Court, a period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.*, at 701. Afterwards, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting out the *Zadvydas* procedures).

"[A]n alien will likely have difficulty showing 'good cause' where the alien's actions obstruct the removal process." *Glushchenko v. United States Dep't of Homeland Sec.*, 566 F.Supp.3d 693, 707 (W.D. Tex. 2021) (citing *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("[A] petitioner who impedes INS removal efforts 'has not met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.'"); *Canhigh v. Bureau of Immigration & Customs Enf't*, 07-CV-209, 2008 WL 11394315, at *4 (S.D. Tex. June 9, 2008), *report and recommendation adopted*, 2008 WL 11394269 (S.D. Tex. July 8, 2008) ("Canhigh cannot show 'good reason' to believe that there is no significant likelihood of removal

in the reasonably foreseeable future. The present obstacle to the receipt of travel documents for Canhigh's removal is his own failure to comply with ICE's efforts and provide proper identity information.")).

Davis's allegation that he has cooperated with removal efforts is belied by his long history of impeding removal by making false statements about his name, birthdate, and citizenship, and refusing to sign necessary forms. Davis even attaches to his Petition a Notice of Failure to Comply Pursuant to 8 CFR 241.4(g), indicating that he was still failing to cooperate as of September 2023. ECF No. 5-1 at 1.

Davis must amend his Petition to state what efforts he made to assist in his removal after the Notice issued on September 8, 2023, aside from reportedly calling the Consulate on July 8, 2024. ECF No. 5-1. He must state whether he has provided the Government with information requested, and what, if any, forms he has completed to assist in his removal. Davis should provide copies of any documentation he provided or received after September 8, 2023.

Finally, the Jamaican consulate has issued travel documents for Davis on three prior occasions. *Davis*, 2019 WL 2290654, at *7. Davis must explain why documents would not likely be reissued with his cooperation.

### III. Conclusion

Because additional information is required to review Davis's claim, IT IS ORDERED that Davis AMEND the Petition within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Tuesday, January 7, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE