a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FREDDIE DAVIS #A024-724-989, Petitioner | CIVIL DOCKET NO. 1:24-CV-01051 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ALEJANDRO MAYORKAS ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Freddie Davis ("Davis"). Davis is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana. He challenges the legality of his continued detention.

To determine whether Davis may be entitled to relief, he must AMEND the Petition.

I.   Background

Davis is a native and citizen of Jamaica. ECF No. 5 at 1. He has used multiple aliases and birth dates over the years.[1] According to a summary compiled by the United States District Court for the Southern District of Florida: On January 6, 1985,

---

[1] Davis has several aliases: : Ricardo Noel Jones, Joseph Gordon, Patrick Constantine Melburn, Danny Keith Brooks, Dave Davis, Frank Victor Duglass, Frederick Davis, and Ricky Jones. *See Davis v. Rhoden*, 19-CV0-20082, 2019 WL 2290654, at *1 (S.D. Fla. Feb. 26, 2019), *report and recommendation adopted*, 19-20082-CIV, 2019 WL 2289624 (S.D. Fla. May 29, 2019).

1

Petitioner's record with what was formerly known as the Immigration and Naturalization Service ("legacy INS") began. (DE#9-1:3). On that day, an individual arrived at Miami International Airport in Miami, Florida, who claimed to be Freddie Davis, Jr. and averred that he was born in Tallahassee. (DE#9-1:3). He was issued an alien number: A026678213. (DE#9-1:3).

On January 17, 1985, Freddie David, Jr. was permieed to withdraw his application for admission and depart voluntarily. (DE#9-1:3-4). The Consulate General of Jamaica issued an emergency travel document on January 23, 1985. (DE#s 9-1:3-4, 9-2). The individual identified as Freddie Davis, Jr. departed, via Eastern Airlines flight 921, to Kingston, Jamaica on January 25, 1985. (DE#s 9-1:4, 9-2, 9-3).

Ten days later, on February 4, 1985, an individual at Palm Beach International Airport in West Palm Beach, Florida presented himself to be Joseph Gordon. (DE#9-1:4). Legacy INS found that his individual had fraudulently replaced the photograph on a Bahamian passport in order to seek entry into the United States as a tourist. (DE#9-1:4). An alien number was issued: A024724989. The individual assuming the identity of Joseph Gordon was charged with exclusion for having presented a photo-substituted Bahamian Passport. (DE#9-4). On February 11, 1985, the individual assuming the identity of Joseph Gordon was served with a notice that he had been ordered for exclusion. (DE#9-5). This order for exclusion was specifically served to Freddie Lee Davis using Joseph Gordon as his alias. (DE#9-5). The order became part of the files associated with the two alien numbers previously mentioned (DE#9-

5). Freddie Lee Davis or Joseph Gordon was removed on February 13, 1985, via Air Jamaica flight 20. (DE#9-5).

On September 1, 1988, legacy INS encountered an individual who alleged that his name was joseph Gordon and that he was born in St. Thomas, U.S. Virgin Islands. (DE#9-1:4). This individual was arrested in Dallas, Texas for offenses relating to illegal drugs. (DE#9-1:4). During the encounter, the individual purpoting to be Joseph Gordon born in St Thomas, U.S. Virgin Islands also claimed that he was born in the Bahamas on August 8, 1964. (DE#1:4). The individual also admitted under oath that he used other named: Freddie Lee Davis, Frederick L. Davis, Frank Victor Duglass, Dave Davis, and Danny Keith Brooks. (DE#9-1:4).

Legacy INS officials in Dalls, Texas determined that the individual before them was the same person with alien number A026678213identified as Joseph Gordon-the individual with the photo-substituted Bahamian passport, who was encountered in WSest Palm Beach, Florida on February 4, 1986. (DE#9-1:4).

Joseph Gordon had last entered the United States at an unknown time, date, and location without inspection. (DE#9-1:4). An order to show cause issued and Petitioner was charged with deportability for entering the United States without inspection. (DE#9-1:5). An Immigration Judge in Dallas, Texas ordered the individual, identified as Joseph Gordon, to be removed to Jamaica on October 12, 1988. (DE#s 9-1:5, 9-7:2). The order was associated with the file for alien number A24724909. (DE#9-7).

Prior to that order, on October 6, 1988, the individual who purported to be Joseph Gordon was indicted in the United States District Court for the Northern District of Texas for entering the United States after having been deported in violation of 8 U.S.S. § 1326 and for falsely representing himself to be a citizen of the United States to immigration officials in violation of 8 U.S.C. § 911. (DE#9-8:2-3). Case records noted that Gordon had also used the names Patrick Melburn and Freddie Lee Davis. (DE#9-8). On March 2, 1989, following a guilty plea, the individual was convicted for entering the United States after being deported and was sentenced to a 15-month term of imprisonment. (DE#9-8:9). Officer Enriquez explained that this individual was not transferred into legacy INS's custody upon completion of his sentence and was not removed from this country upon release. (DE#9-1:5).

In 1995, in the state circuit court in and for Broward County Florida, an individual using the name Ricardo Jones was convicted of attempted murder of a police officer, burglary (assault), indecent assault, aggravated battery, aggravated assault, and wearing bullet-proof gear. (DE#9-8:16). The sum of the concurrent and consecutive sentences amounted to a 27-year term of imprisonment. (DE#9-8:23-39).

In 2010, an individual under the alias of Ricardo Jones was convicted in the state circuit court in and for Miami-Dad Count, Florida for violating the sexual offender registration requirements. (DE#9-8:46). The judgment reflects that this individual had the following aliases: Freddie Lee Davis, Ricardo Noel Jones, Richard M. Jones. (DE#9-8:49).

On the Corrections Offender Network's Inmate Release data base, a search of "Ricardo Jones" yields results of an individual who has the following aliases: Danny Keith Brooks, Freddie Lee Davis, Frederick Davis, Frank Duglass, Ricardo Noel Jones, Richardo N. Jones, and Ricky Muntez Jones. See Fed. R. Evid. 201. The Government also made that information part of the record, which was current information as of June 29, 2018. (DE#9-9:5-6).

Efforts to remove the Petitioner began on June 29, 2018, when Immigration and Customs Enforcement ("ICE") lodged a detainer with the State of Florida in order to effectuate Petitioner's removal. Petitioner was then identified as Freddie Lee Davis. (DE#9-9:2). His listed aliases included Ricardo Noel Jones and Joseph Gordon. (DE#9-9:2).

Officer Enriquez stated that Petitioner alleged that he was a citizen of the United States who was born in St. Thomas, U.S. Virgin Islands. (DE#9-1:6). Officer Enriquez attempted to obtain Petitioner's sworn statement to that claim, but Petitioner refused. (DE#9-1:6).

Accordingly, as Officer Enriquez stated, ICE investigated Petitioner's citizenship claim with the assistance of other government agencies, including the Social Security Administration and the Bureau of Vital Statistics in the U.S. Virgin Islands. (DE#9-1:6). There was no record of birth. (DE#9-1:6).

Petitioner was tentatively scheduled for removal to Jamaica on August 30, 2018. (DE#9-1:6). However, on August 21, 2018, a Jamaican Consular Officer requested time to verify Petitioner's biometrics and identity due to the numerous

5

assumed identities. (DE#9-1:6). The August 30, 2018 removal was, therefore, cancelled.

On September 6, 2018, the biometrics were forwarded to the Jamaican Consulate. (DE#9-1:6). Petitioner was tentatively scheduled for removal on September 27, 2018. (DE#9-1:6). However, because Jamaican officials had not yet confirmed the results of the biometrics verification, Petitioner was taken off the manifest. (DE#9-1:6). On October 23, 2018, Jamaican officials advised that the verification of the biometrics was still pending in Jamaica. (DE#9-1:6).

On October 23, 2018, Petitioner was notified that his custody status would be reviewed. (DE#9-1:7). Petitioner was also served with the warnings for failing to cooperate with removal efforts. (DE#s 9-1:7, 9-10:1-5). The proof of service section of that form indicates that Petitioner refused to sign. (DE#9-10:3-5).

On December 10, 2018, Petitioner was served with a written decision to continue detention because Petitioner failed to show that he did not pose a danger to the community or was a significant flight risk if he were to be released. (DE#9-11). The decision further advised Petitioner that future custody reviews would be conducted by the Headquarters Post Order Custody Review Unit, which is now known as Removal and International Operations ("RIO"). (DE#9-11).

On December 24, 2018, a Jamaican Consular Officer advised that the biometrics verification was still pending in Jamaica. (DE#9-1:7). Petitioner was scheduled for removal on January 31, 2019. (DE#9-1:7). On January 18, 2019, an interview between Petitioner and the Jamaican Consular Officer was scheduled.

(DE#9-1:7). Petitioner refused to be interviewed (DE#9-1). A Deportation Officer was present during the interview. (DE#9-1:7). Upon Petitioner being asked his name, Petitioner responded, "Only God knows my name." (DE#9-1:7).

On January 22, 2019, the Jamaican Consulate requested a new set of biometrics. (DE#9-1:7). Petitioner refused to provide his fingerprints. (DE#9-1:7). In order to obtain Petitioner's fingerprints, the Consular Officer had to advise Petitioner over speaker phone that a new set of biometrics was needed (DE#9-1:7). Officer Enriquez processed the biometrics, which were hand-carried to the Jamaican Consulate's Office on the same day. (DE#9-1:7).

On January 30, 2019, Petitioner was transferred to Baker County Detention Center ("Baker") in MacClenny, Florida, where he is currently detained. (DE#9-1:7).

During Petitioner's initial custody review, Petitioner was asked to provide the address and contact information of where he would go if he were to be released. (DE#9-1:7). Petitioner provided the name of Aneita Jones Johnson with an address and telephone number. (DE#9-1:8). Aneita Jones was reported as a family member of Petitioner's during the time that he operated under the alias Ricardo Jones. (DE#9-1:8). On February 8, 2019, Officer Enriquez telephonically contacted Aneita Jones during his attempts to identify Petitioner. (DE#9-1:8). According to Officer Enriquez, Aneita Jones stated that she was a family friend, not a family member. (DE#9-1:8). When asked to confirm Petitioner's name, Aneita Jones stated, "HE is whoever he says his name is." (DE#9-1:8). Aneita Jones further stated that she did not know any family members for Petitioner, as "she [had] only raised him." (DE#9-1:8).

7

On February 8, 2019, Petitioner was served with written notification that he had failed to comply with removal efforts, and that the removal period would be suspended pending his cooperation with ICE and the Government of Jamaica in verifying his identity. (DE#s 9-1:8, 9-12); *Davis,* 2019 WL 2290654, at *1-4. Davis's habeas petition was denied because of his persistent efforts to delay his removal. *Id.* at *6.

It is unknown what transpired between the dismissal of his prior petition and 2023. However, On July 26, 2023, Davis was given 30 days within which to comply with his obligation to assist with his removal. ECF No. 5-1 at 1. As of September 8, 2023, Davis had failed to provide information necessary to obtain a travel document. The Government extended Davis's removal period due to his actions in preventing his removal. *Id.*

## II.    Law and Analysis

The United States Supreme Court has held that an alien may be detained post-removal order only for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A period reasonably necessary to bring about the alien's removal from the United States is presumptively six months. *Id.,* at 701. Afterwards, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting out the *Zadvydas* procedures).

"[A]n alien will likely have difficulty showing 'good cause' where the alien's actions obstruct the removal process." *Glushchenko v. United States Dep't of Homeland Sec.*, 566 F.Supp.3d 693, 707 (W.D. Tex. 2021) (citing *Pelich v. INS*, 329 F.3d 1057, 1060 (9th Cir. 2003) ("[A] petitioner who impedes INS removal efforts 'has not met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.'"); *Canhigh v. Bureau of Immigration & Customs Enf't*, 07-CV-209, 2008 WL 11394315, at *4 (S.D. Tex. June 9, 2008), *report and recommendation adopted*, 2008 WL 11394269 (S.D. Tex. July 8, 2008) ("Canhigh cannot show 'good reason' to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The present obstacle to the receipt of travel documents for Canhigh's removal is his own failure to comply with ICE's efforts and provide proper identity information.")).

Davis's allegation that he has cooperated with removal efforts is belied by his long history of impeding removal by making false statements about his name, birthdate, and citizenship, and refusing to sign necessary forms. Davis even attaches to his Petition a Notice of Failure to Comply Pursuant to 8 CFR 241.4(g), indicating that he was still failing to cooperate as of September 2023. ECF No. 5-1 at 1.

Davis must amend his Petition to state what efforts he made to assist in his removal after the Notice issued on September 8, 2023, aside from reportedly calling the Consulate on July 8, 2024. ECF No. 5-1. He must state whether he has provided the Government with information requested, and what, if any, forms he has

9

completed to assist in his removal. Davis should provide copies of any documentation he provided or received after September 8, 2023.

Finally, the Jamaican consulate has issued travel documents for Davis on three prior occasions. *Davis*, 2019 WL 2290654, at *7. Davis must explain why documents would not likely be reissued with his cooperation.

### III. Conclusion

Because additional information is required to review Davis's claim, IT IS ORDERED that Davis AMEND the Petition within 30 days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Thursday, February 27, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

10